UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| TOLKO INDUSTRIES LTD., <br> TOLKO MARKETING & SALES LTD., AND <br> GILBERT SMITH FOREST PRODUCTS LTD. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 23-00204 |

# COMPLAINT

Tolko Industries Ltd., Tolko Marketing and Sales Ltd., and Gilbert Smith Forest Products Ltd. ("Plaintiffs" or collectively, "Tolko"), by and through their counsel, hereby allege and state as follows:

## JURISDICTION

1. Tolko brings this action pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii) to contest certain aspects of the final results of the 2021 administrative review of the antidumping duty order on certain softwood lumber products from Canada, Case No. A-122-857, issued by the International Trade Administration of the U.S. Department of Commerce ("Commerce"). *See Certain Softwood Lumber Products From Canada: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2021*, 88 Fed. Reg. 50,106 (Dep't Commerce Aug. 1, 2023) ("*Final Results*")*,* and accompanying unpublished Issues and Decision Memorandum ("Final IDM").

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) because this appeal is taken pursuant to 19 U.S.C. § 1516a.

## STANDING

3.      Tolko is a Canadian producer and exporter of softwood lumber products from Canada subject to the *Final Results*, and therefore is an interested party within the meaning of 19 U.S.C. § 1677(9)(A).  Tolko requested an administrative review of its subject entries, but Commerce did not select Tolko for individual examination and thus was subject to the "non-examined companies" antidumping duty rate that is based on the average of the rates calculated for the two mandatory respondents.  Tolko participated in the underlying proceeding by entering an appearance, submitting a request to be selected as a voluntary respondent, and filing a letter in lieu of a case brief for the agency's consideration in issuing its *Final Results*.  Accordingly, Tolko has standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## TIMELINESS OF THIS ACTION

4.      On August 1, 2023, Commerce published the *Final Results* in the Federal Register.  *Final Results*, 88 Fed. Reg. 50,106.  As the *Final Results* involve imports of softwood lumber products from Canada, a free trade area country within the meaning of 19 U.S.C. § 1516a(f)(9)(A), the time limits for commencing an action before this Court do not begin to run until the 31st day after publication of the *Final Results* in the Federal Register.  *See* 19 U.S.C. § 1516a(a)(5).  Thus, the statutory deadline for filing an appeal of the *Final Results* is thirty days from September 1, 2023.

5.      On September 29, 2023, Tolko timely filed a Summons, ECF No.1, initiating this action within thirty days of September 1, 2023, in accordance with 19 U.S.C. § 1516a(a)(2)(A),

19 U.S.C. § 1516a(a)(5), 28 U.S.C. § 2636(c), and U.S. Court of International Trade Rules 3(a)(2) and 6(a).  Tolko timely files this complaint within thirty days of September 29, 2023.

## STATEMENT OF FACTS

6.   Pursuant to Commerce's notice of opportunity to request administrative review, *see Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Administrative Review and Join Annual Inquiry Service List*, 87 Fed. Reg. 1,396 (Dep't Commerce Jan. 11, 2022), on January 1, 2022, Tolko submitted a request for an administrative review of its entries in the 2021 administrative review of the antidumping duty order on *Certain Softwood Lumber from Canada*.  In the same letter, Tolko also requested that Commerce examine Tolko as a voluntary respondent.

7.   On March 9, 2022, Commerce initiated the 2021 administrative review of the antidumping duty order on *Certain Softwood Lumber from Canada*.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 13,252 (Dep't Commerce Mar. 9, 2022).  Commerce's period of review was January 1, 2021 to December 31, 2021.  *Id*.

8.   On April 29, 2022, Commerce issued its Respondent Selection Memorandum.  Commerce chose as mandatory respondents Canadian Forest Products Ltd., Canfor Wood Products Marketing Ltd., and Canfor Corporation (collectively, "Canfor") and West Fraser Mills Ltd., Blue Ridge Lumber Inc., Manning Forest Products Ltd., and Sundre Forest Products Inc. (collectively, "West Fraser").  With respect to interested parties' requests for voluntary respondent treatment, including that from Tolko, Commerce stated that it recommends evaluating the circumstances during the course of the administrative review to determine whether the

individual examination of such companies would be unduly burdensome and inhibit the timely completion of the administrative review.

9. On January 27, 2023, Commerce published the *Preliminary Results* in the Federal Register. *See Certain Softwood Lumber Products From Canada: Preliminary Results of Antidumping Duty Administrative Review;* 88 Fed. Reg. 5,306 (Dep't Commerce Jan. 27, 2023) ("*Preliminary Results*") and accompanying unpublished Issues and Decision Memorandum ("Prelim. IDM"). In its *Preliminary Results*, Commerce calculated preliminary antidumping duty margins of 5.25 percent for Canfor and 6.90 percent for West Fraser. *Id*. As part of its *Preliminary Results*, Commerce assigned a preliminary antidumping duty rate of 6.05 percent to non-selected companies, including Tolko, based on the weighted average of the two calculated weighted-average dumping margins based on Canfor's and West Fraser's publicly ranged sales data.

10. On February 27, 2023, interested parties submitted case briefs addressing issues in the Department's *Preliminary Results*, including certain aspects of Commerce's calculation of the antidumping duty rates of the two mandatory respondents, Canfor and West Fraser. Tolko also submitted a letter in lieu of a case brief and argued that as a respondent not selected for individual examination it supports and incorporates the arguments on these issues raised by the mandatory respondents.

11. On August 1, 2023, Commerce published its *Final Results* in the Federal Register. Commerce calculated antidumping duty margins of 5.25 percent *ad valorem* for Canfor and 6.96 percent *ad valorem* for West Fraser. *See Final Results*, 88 Fed. Reg. at 50,107. Commerce also assigned a final antidumping duty rate of 6.20 percent *ad valorem* to the non-examined companies, including Tolko, based on the weighted-average of the dumping margins determined

for the mandatory respondents using their ranged public sales values. *Id*. The legal bases for Commerce's *Final Results* were set forth in an unpublished Issues and Decision Memorandum dated July 26, 2023.

12. After the publication of the *Final Results* in the Federal Register, on September 29, 2023, Tolko timely filed this appeal to this Court. *See* Summons, ECF No. 1.

## STATEMENT OF CLAIMS

13. The *Final Results* are unsupported by substantial record evidence and otherwise not in accordance with law in the following respects:

## COUNT I

14. Paragraphs 1 through 14 of this Complaint are incorporated herein by reference.

15. In its *Final Results*, Commerce calculated an antidumping duty rate of 6.20 percent *ad valorem* for the non-examined companies, including Tolko, based on the weighted-average of the dumping margins determined for the two mandatory respondents, Canfor and West Fraser, using their ranged public sales values. Commerce's determination and resulting calculation adjustments for Canfor and West Fraser in the *Final Results* directly impacted the final antidumping duty rate applicable to Tolko. Commerce's determination, including, *inter alia*, with respect to Commerce's application of its differential pricing methodology is unsupported by substantial evidence or otherwise in accordance with law.

16. Tolko challenges these and all other aspects of Commerce's determination and resulting calculation adjustment for Canfor and West Fraser as these issues directly impacted the final antidumping duty applicable to Tolko. In that regard, Tolko concurs with the complaint already filed by Canfor in its separate appeal to this Court, *see Canfor et al. v. United States*, Court No. 23-00188, ECF No 10, and the Government of Canada and the British Columbia

Lumber Trade Council, *see Government of Canada et al. v. United States*, Court No. 23-00187, ECF No. 15.  Because Tolko's antidumping duty margin was based on the final weighted-average dumping margins calculated for the mandatory respondents, and those calculations and margins are unsupported by substantial record evidence and not in accordance with law in several respects, Tolko's final antidumping duty margin likewise is not supported by substantial evidence or otherwise in accordance with law.

## REQUEST FOR RELIEF

For the foregoing reasons, Tolko respectfully requests that this Court hold the foregoing aspects of Commerce's *Final Results* unsupported by substantial record evidence and otherwise not in accordance with law.  Therefore, Tolko respectfully requests that this Court remand the *Final Results* to Commerce to correct the errors set forth in this complaint and provide other such relief as this court deems appropriate.

                                                     Respectfully submitted by:

                                                     /s/ Henry D. Almond
Henry D. Almond
Kang Woo Lee
*Counsel to Plaintiffs Tolko Industries Ltd., Tolko Marketing and Sales Ltd., and Gilbert Smith Forest Products Ltd.*

ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, D.C. 20001
Phone: (202) 942-5698
Fax: (202) 942-5999
E-mail:  henry.almond@apks.com

**Date:  October 27, 2023**