IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| TOLKO INDISTRIES LTD., *ET AL.*, <br><br>　Plaintiffs, <br><br>　v. <br><br>UNITED STATES, <br><br>　Defendant, <br><br>　and <br><br>COMMITTEE OVERSEEING ACTION FOR LUMBER INTERNATIONAL TRADE INVESTIGATIONS OR NEGOTIATIONS, <br><br>　Defendant-Intervenor. | Court Nos. 23-00204, -00206 |

## **ORDER**

Upon consideration of the motion to intervene filed by Chaleur Forest Products Inc., Chaleur Forest Products L.P., Delco Forest Products Ltd., Devon Lumber Co. Ltd., H.J. Crabbe & Sons Ltd., Langevin Forest Products Inc., Marwood Ltd., North American Forest Products Ltd., and Twin Rivers Paper Co. Inc., it is hereby

ORDERED that the motion is denied and it is further

ORDERED that the motion to intervene of J.D. Irving, Limited is granted.

Dated: _____, 2023          _____
New York, NY                                        JENNIFER CHOE-GROVES, JUDGE

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| TOLKO INDISTRIES LTD., *ET AL.*, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> UNITED STATES, ) <br> ) <br>     Defendant, ) <br> ) <br>     and ) <br> ) <br> COMMITTEE OVERSEEING ACTION FOR ) <br> LUMBER INTERNATIONAL TRADE ) <br> INVESTIGATIONS OR NEGOTIATIONS, ) <br> ) <br>     Defendant-Intervenor. ) <br> ) | Court Nos. 23-00204, -00206 |

**DEFENDANT'S OPPOSITION TO THE**
**<u>NB RESPONDENTS' MOTION TO INTERVENE</u>**

Pursuant to Rules 7 and 24 of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court deny the motions to intervene filed by Chaleur Forest Products Inc., Chaleur Forest Products L.P., Delco Forest Products Ltd., Devon Lumber Co. Ltd., H.J. Crabbe & Sons Ltd., J.D. Irving, Limited, Langevin Forest Products Inc., Marwood Ltd., North American Forest Products Ltd., and Twin Rivers Paper Co. Inc. (collectively NB Respondents). ECF No. 41 (Ct. No. 23-00204); ECF No. 37 (Ct. No. 23-00206) (Mot.). With the exception of J.D. Irving, Limited (J.D. Irving), the NB Respondents are

not entitled to intervene as of right because they do not qualify as "part[ies] to the proceeding in connection with which [this] matter arose," as required by 28 U.S.C. § 2631(j)(1)(B).[1]

## BACKGROUND

In the underlying administrative proceeding, the NB Respondents filed with the Department of Commerce (Commerce):

1. Requests for Administrative Review . . ., including: the names of the requesting entities; whether these entities produced, exported, remanufactured, and/or were importers of record of the subject merchandise within the period of review; and the nature of the relationships between the requesting entities (*e.g.*, whether one entity was the exporter for another entity); and

2. Entries of Appearance and Administrative Protective Order (APO) applications.

Mot at 5.  The NB Respondents do not contend that they submitted anything else to Commerce during the underlying administrative proceeding.  *See generally id*.

## ARGUMENT

The NB Parties' request for review, entries of appearance, and APO applications fail to establish standing to intervene as "part[ies] to the proceeding," under the governing statute and thus the Court should deny their motion to intervene.  28 U.S.C. § 2631(j)(1)(B).  "Party to the proceeding" is defined as "any interested party that actively participates, through written submissions of factual information or written argument, in a segment of a proceeding." 19 C.F.R. § 351.102(b)(36).  The definition therefore requires "active" participation and allows a party to satisfy that requirement in either of two ways—submission of "factual information" or submission of "written argument."

The NB Parties did neither.

---

[1]  J.D. Irving separately submitted factual information.  P.R. 300.

First, they do not contend that they submitted any "written argument" to Commerce during the proceeding.

Second, the NB Respondents' claim that they submitted "factual information" lacks merit. "Factual information" is "[e]vidence, including statements of fact, documents, and data submitted either in support of allegations, or, to rebut, clarify, or correct such evidence submitted by any other interested party." 19 C.F.R. § 351.102(b)(21)(ii). The NB Respondents' requests for review do not meet this standard. *See* Mot. Ex. 1. Indeed, the requests do not include any of the requisite "evidence in support of allegations" or responsive evidence "to rebut, clarify, or correct such evidence." 19 C.F.R. § 351.102(b)(21)(ii); *see also id*. §§ (b)(21)(i)-(v).

In the one published decision in which Court addressed the same fact pattern, it concluded that a virtually identical "bare bones request" was insufficient to establish that the movant had "actively participate[d]" administratively by submitting "factual information." *Dongkuk Steel Mill Co. v. United States*, 567 F. Supp. 3d 1359, 1364 (Ct. Int'l Trade 2022) (denying domestic petitioner's motion to intervene). Important here, the Court reasoned that the regulatory definition of "factual information" controlled, *id*. (citing *Matsushita Elec. Indus. Co. v. United States*, 529 F. Supp. 664, 668 (Ct. Int'l Trade 1981); *Nucor Corp. v. United States*, 516 F. Supp. 2d 1348, 1351 (C t. Int'l Trade 2007)), and that the mere request for a review was insufficient to meet this standard.

In *Dongkuk*, as in this case, the movant had submitted to Commerce a request for review, an entry of appearance, and an APO application. And as in this case, the movant in *Dongkuk* merely identified itself to establish that it was an interested party, and further identified the entities for which it was requesting a review. Moreover, the fact that some NB Respondents identified themselves as importers is of no moment. Rather, as in *Dongkuk*, the NB Respondents

3

were merely setting forth the basis for why they should be considered "interested parties."  *See* Mot. Ex. 1; *see also Dofasco Inc. v. United States*, 519 F. Supp. 2d 1284, 1289 (Ct. Int'l Trade 2007) (explaining that "by requiring a person to meet the 'party to the proceeding' standard rather than a more lenient standard such as one requiring only that the person be an 'interested party,' Congress intended that participation in the [administrative proceeding] would consist of more than procedural steps taken in contemplation of later participation") (citation omitted).

We also acknowledge that, in some cases the Government has not opposed intervention under similar circumstances.  For instance, in *Dongkuk*, the Government had consented to intervention whereas *Dongkuk* opposed.  *Dongkuk Steel Mill Co., Ltd. v. United States*, No. 22-00032 (Ct. Int'l Trade), ECF No. 25; *see also* Mot. Ex. 2, 3.  Nevertheless, the Government's litigation position does not equate to agency practice that warrants deference.  *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 213 (1988).  In contrast, a straightforward reading of the governing statute and regulations compels the conclusion that the NB Respondents are not entitled to intervene as of right in this case.

Finally, the NB Respondents' contention that it is unfair that they be required to actually participate below to obtain standing to intervene is of no moment.  Congress has set forth the standard for intervention, and the mere fact that they might be able to establish Article III standing does not mean that the NB Respondents have preserved any right to intervene.  Instead,

"[t]he standing issue here presents a question of statutory standing rather than Article III standing." *CACI, Inc.-Fed. v. United States*, 67 F.4th 1145, 1151 (Fed. Cir. 2023).

## CONCLUSION

For these reasons, we respectfully request that the Court deny the motion to intervene as to all parties, except J.D. Irving.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ CLAUDIA BURKE<br>Deputy Director |
| OF COUNSEL: | /s/ STEPHEN C. TOSINI<br>Senior Trial Counsel<br>Commercial Litigation Branch<br>Civil Division |
| ELIO GONZALEZ<br>Attorney<br>Office of the Chief Counsel for Trade<br>Enforcement and Compliance<br>United States Department of Commerce | United States Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 616-5196<br>Fax: (202) 305-2062<br>Email: stephen.tosini@usdoj.gov |
| December 18, 2023 | Attorneys for Defendant, United States |